IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON PAUL ROBERTS, | ) | |
|     Movant, | ) | |
| vs. | ) | No. 3:17-CV-1049-D-BH |
| | ) | No. 3:12-CR-267-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 2), received on April 18, 2017, should be **DENIED** with prejudice.

**I.  BACKGROUND**

Jason Paul Roberts (Movant) challenges his federal conviction and sentence in Cause No. 3:12-CR-267-D.  The respondent is the United States of America (Government).

**A.    Plea and Sentencing**

On May 21, 2013, Movant was charged by superseding indictment with transfer of obscene materials to a minor (count one) and attempted transfer of obscene materials to a minor (counts two through ten) in violation of 18 U.S.C. § 1470.  (*See* doc. 18.)[1]  He pled guilty without a plea agreement to count three on October 18, 2013.  (*See* doc. 26.)

In a factual resume, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and

---

[1]    Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-267-D.

cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 24 at 5-6.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*. at 1-2, 6.) The factual resume set out the range of punishment and stated that he had discussed the federal sentencing guidelines with counsel and understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding. (*See id*. at 2, 5.) He had reviewed the legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 6-7.) In court, Movant testified that he understood the nature of the charge, the range of punishment, his rights, and his waiver of rights by pleading guilty, that he was not threatened or forced to plead guilty, and that his plea was voluntary. (*See* doc. 50 at 5, 7, 9, 10.)

On January 24, 2014, the United States Probation Office (USPO) filed a Presentence Report (PSR). (*See* doc. 30-1.) It stated that in June 2012, a Georgia law enforcement officer contacted a Garland police detective and reported that a minor child's mother complained that Movant sent disturbing e-mails and an inappropriate photograph to the child. (*See id*. at 4, ¶ 9.) The detective discovered that a 2005 case in which Movant exposed the same child to pornographic material. (*See id*., ¶ 10.) With the consent of the child's mother, the detective assumed the child's e-mail identity to communicate with and locate Movant. After communicating with him for two months, the detective learned that Movant was in Dallas. Movant sent an e-mail that included a nude photograph of himself to the child's e-mail account. (*See id*., ¶ 13.) Movant was arrested under a warrant. (*See id*., ¶ 14.) At some point he was released, and he continued to send obscene sexually oriented materials to the child's e-mail, including sexually explicit photographs of himself and a video of sexual activity. (*See id*. at 5, ¶ 15.)

An addendum to the PSR was filed on January 22, 2015, and applied the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 43-1 at 2, ¶ 23.) With an offense level of 14 and a criminal history category of six, the resulting guideline range was 37-46 months of imprisonment. (*See id*. at 4, ¶ 92.) On January 23, 2015, Movant was sentenced to 63 months' imprisonment, and the remaining counts were dismissed on the Government's motion. (*See* doc. 45 at 1, 2.) On appeal the judgment was affirmed in part and remanded for a clarification of whether Movant was required to register as a sex offender. (*See* doc. 55); *United States v. Roberts*, 624 F. App'x 215 (5th Cir. 2015). By amended judgment, Movant was required to register as a sex offender, and the judgment was affirmed on appeal. (*See* docs. 60, 64); *United States v. Roberts*, 669 F. App'x 746 (5th Cir. 2016).

B. **Substantive Claims**

Movant raises the following grounds:

(1) Counsel was ineffective because he:

(a) had a conflict of interest;

(b) failed to challenge the illegal arrest and seizure of evidence;

(2) The prosecutor failed to disclose that the evidence was illegally obtained;

(3) The conviction was obtained by the use of illegally obtained evidence;

(4) The conviction was obtained by evidence obtained pursuant to an unlawful arrest.

(3:17-CV-1049-D, doc. 2.) The Government filed a response. (*See id*., doc. 5.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the

*Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v.*

*Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

### A. Conflict of Interest

Movant contends that counsel, a federal public defender, had a conflict of interest because he was an employee of the United States.

To prove ineffective assistance of counsel based on a conflict of interest, a movant must show that there was an actual conflict of interest that adversely affected his counsel's performance. *United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012). A bare allegation of a potential conflict of interest because a federal public defender is an employee of the United States is insufficient to demonstrate that counsel was ineffective. *See Lynn v. United* States, No. 3:15-CV-1819-N, 2017 WL 2455952 at * 6 (N.D. Tex. Apr. 3, 2017), *rec. adopted* 2017 WL 2439007 (N.D. Tex. June 6,

6

2017); *United States v. Pasillas-Martinez*, No. EP-05-CA-0152, 2005 WL 1397012 at *6 (W.D. Tex. June 2, 2005); *see also United States v. Odiodio*, No. 3:03-CV-0896-D, 2005 WL 2990906 at *9 (N.D. Tex. Nov. 7, 2005) (no conflict of interest in a criminal case where the appointed attorney was paid by the Government). Movant has not shown an actual conflict of interest that adversely affected counsel's performance.

**B.      Suppression of Evidence**

Movant contends that counsel failed to move to suppress his phone, which was seized when he was illegally arrested. He asserts that he was arrested by Garland police officers, but neither he nor the victim lived in Garland.

In Texas, a peace officer may arrest a person with a warrant in anywhere within the state. *See* Tex. Code Crim. Proc. art. 15.06 ("any peace officer ... shall be authorized to execute [an arrest warrant] in any county in this State"); *Christopher v. State*, 489 S.W.3d 575, 577 (Tex. Crim. App. 1973). Movant has not shown that the warrant was invalid.

He also has not shown that the phone was used against him or was used to persuade him to plead guilty, or even that any evidence was obtained from his phone. The prosecutor informed the court that no forensic evidence was found on the phone. (*See* doc. 51 at 6.) The record shows that evidence against Movant was obtained through the child's mother as well as the e-mails he sent the detective.

He has not shown that counsel was ineffective for failing to file a motion to suppress the phone. Counsel was not ineffective for failing to raise a meritless or futile issue. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections").

7

### IV.  ILLEGALLY OBTAINED EVIDENCE

In two claims, Movant contends that his conviction was obtained by the use of evidence illegally obtained in an unlawful arrest. Movant's voluntary guilty plea waived these claims. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (voluntary guilty plea waives all nonjurisdictional defects).

Also, as noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, the movant must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. The issue about illegally obtained evidence was not raised on appeal. Movant has not shown any reason for the failure to raise the issue on appeal, and he does not assert cause and prejudice to excuse the procedural bar. He is procedurally barred from raising these claims in his § 2255 motion.

### V.  BRADY

Petitioner contends that the prosecutor failed to disclose that the evidence was illegally obtained. This ground is construed as raising a claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

In *Brady*, the Supreme Court held that a prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to his guilt or punishment. *See id*. at 87. "*Brady* claims involve 'the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994). "There are three components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Evidence is material within the

meaning of *Brady* only when there is a reasonable probability of a different result at trial had the evidence been disclosed. *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995).

Movant's voluntary guilty plea waived this claim. *See United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) ("a guilty plea precludes the defendant from asserting a *Brady* violation). Moreover, there is no *Brady* violation when the defendant or counsel knew or should have known about the allegedly exculpatory evidence, *see West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996), or when it could have been discovered through reasonable diligence, *see United States v. Sipe*, 388 F.3d 471, 478 (5th Cir. 2004). Movant has not shown that the manner in which evidence was obtained was not known to him or counsel. He has not shown that he is entitled to relief on this claim.

## VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 17th day of December, 2018.**

                                                                                  _____
                                                                                  IRMA CARRILLO RAMIREZ
                                                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE